UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-80182-Rosenberg/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HARRY EDWARD HUNTER,

    Defendant.
_____/

FILED BY ___SW___ D.C.

Nov 15, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## BOND REVOCATION AND DETENTION ORDER

Defendant, HARRY EDWARD HUNTER, appeared before the Court on November 14, 2023, for a bond revocation hearing. At the conclusion of the hearing, the Court orally pronounced that Defendant's bond be revoked and that he be detained. The Court makes the following findings of fact with respect to this order for bond revocation and detention.

### I. Background

Defendant is charged by Indictment [DE 3] with conspiracy to possess with intent to distribute a controlled substance (methamphetamine), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(viii). On November 8, 2023, the AUSA recommended that Defendant be released on bond. After review of the pretrial services report, the Indictment, and after discussion with the Defendant, the Undersigned—as the duty United States Magistrate Judge—released Defendant on a $200,000 personal surety bond. [DE 77]. The Court imposed all standard conditions of release as well as other conditions or release. *See id.*

Subsequently, on November 9, 2023, the U.S. Probation Office submitted a Petition for Action on Conditions of Pretrial Release, notifying the Court that Defendant was arrested by the West Palm Beach Police Department on November 8, 2023, immediately after he had been released from custody in this case, and charged with loitering and prowling. [DE 63]. Specifically, in a November 9, 2023 Violation Memorandum, U.S. Probation Officer Alejandro Fernandez notified the Court that on November 8, 2023, at approximately 4:00 p.m., Defendant was processed and released by the U.S. Marshals Service and was thereafter immediately observed by Court Security Officers and a United States Probation Officer attempting to open car doors in the Courthouse parking lot.

When confronted by Court Security Officers in the West Palm Beach Federal Courthouse parking lot, Defendant advised that he was trying to get a quarter to make a phone call. Additionally, when told to leave, Defendant became increasingly irate and raised his voice at a Court Security Officer in a hostile manner. At that point, a Federal Protective Service security guard advised Defendant that he needed to leave the property, or the police would be called. However, Defendant refused to leave. Accordingly, the security guard told Defendant he was no longer free to leave and called the police. Defendant then left the Courthouse property and was later apprehended by the West Palm Beach Police Department as he attempted to flee.

Although Defendant bonded out of the Palm Beach County Jail after being apprehended, an arrest warrant was issued by the Undersigned in connection with Defendant's violation of his bond conditions in this federal criminal case.

## II. Summary of Hearing

At the November 14, 2023 bond revocation hearing, the Court heard the Government's proffer, and the argument of both defense and Government counsel, which established that Defendant violated his bond conditions such that his bond must be revoked and he must be detained. The Court takes judicial notice of the U.S. Probation Memorandum, the Petition to revoke bond, and has considered all relevant factors in making this decision to revoke Defendant's bond and order him detained.

During the hearing, the Government noted that that Defendant had violated his bond conditions immediately after his release from custody in this case. Defense counsel, in turn, maintained that Defendant is bipolar and suffers from depression and anxiety. Defense counsel argued that Defendant was off his medications following his arrest in connection with his conspiracy to possess with intent to distribute a controlled substance (methamphetamine) charge, and was therefore easily aggravated.

## III. Relevant Law

Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 further provides that the Court

> shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is … probable cause to believe that the person has committed a federal, state or local crime on release or clear and convincing evidence that the person has violated any other condition of release; and finds that … based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community or the person is unlikely to abide by any condition or combination of conditions of release.

3

18 U.S.C. § 3148(b)(1)–(b)(2); *United States v. Wingo*, 490 F. App'x 189, 190–91 (11th Cir. 2012); *United States v. Molina*, No. 15-80222-CR-Marra/Matthewman, 2016 WL 2344577 (S.D. Fla. May 3, 2016); *United States v. Abovyan*, No. 18-80122-CR-Middlebrooks, 2018 WL 4203687 (S.D. Fla. Aug. 31, 2018).

### IV. Analysis

The Court finds that the above law and facts require the revocation of Defendant's bond and his detention. Based upon the proffer from the Government, the information contained within the Petition for Actions on Conditions of Pretrial Release and Violation Memorandum, counsel's arguments, and the Court's review of the file, and as stated on the record on November 14, 2023, and pursuant to 18 U.S.C. 3148(b)(1)(B), the Court finds there is clear and convincing evidence that Defendant has violated his bond or release conditions. Pursuant to 18 U.S.C. 3148(b)(1)(A), the Court also finds that there is probable cause that Defendant committed a Federal, State or local crime while on release. And, the Court finds by clear and convincing evidence, pursuant to 18 U.S.C. 3148(b)(2)(A), that based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community. Further, pursuant to 18 U.S.C. 3148((b)(2)(B), the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release.

The Court simply no longer trusts Defendant to comply with any of its orders or release conditions, especially in light of Defendant's violation of his bond conditions the very instant he exited the Courthouse after being released. Therefore, the Court orders that Defendant's bond be revoked pursuant to 18 U.S.C. § 3148, and that Defendant be detained pursuant to Federal Rule of

Criminal Procedure 32.1(a)(6) and the Bail Reform Act. However, if a suitable inpatient mental health treatment facility is located that will accept the Defendant, the Court will potentially reconsider this Order on a proper and well-supported motion.

### V.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that that Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of a court appearance.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of November, 2023.

WILLIAM MATTHEWMAN
United States Magistrate Judge